HIGBEE COMPANY v. CRUM

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7590.   Decided June 20, 1927.

615.  HUSBAND AND WIFE—Wife may be held liable on account for necessaries where account is opened by her and credit extended on strength of her financial responsibility.

Error to Common Pleas.
Judgment reversed.

First Publication of this Opinion.

VICKERY, J.

In the court below, the plaintiff in error brought this suit to recover balance due on a book account amounting to $1,031.47. The petition alleged that the suit was brought upon a book account for goods sold and delivered. A copy of the account was attached to the petition. The answer was a general denial and the trial resulted in a verdict for the defendant. Judgment was set aside by the Court of Common Pleas on the grounds that the judgment was contrary to law, whereupon the case came up for trial again and before the trial proceeded, an amended answer was filed, and in addition to the allegations of the first answer, it contained the further allegation, that at the time of the contraction of the account for which the suit was brought, the defendant was a married woman living with her husband, A. Phelps Crum, and that the goods purchased were necessaries for the family, and that he and not she was responsible for them, or words to this effect.

Reply was filed to this second defense, the effect of which was to show that while it might be true that she was a married woman, this bill was contracted by her and was charged to her, and she had promised to pay it. On the second trial, the jury returned a verdict for the defendant. A motion for a new trial was made and overruled, and judgment was entered upon the verdict. It is to reverse that judgment that error proceedings are brought on at

least three grounds, to-wit: first, that the verdict was contrary to the weight of evidence; second, that the verdict was contrary to law; third, that there was error in the charge of the court.

We do not seriously criticise the charge of the court. We are constrained to come to the conclusion, however that the case must be reversed on the first grounds, that the verdict was contrary to the weight of the evidence and contrary to law.

It must be conceded that under the present status of the law of Ohio, a married woman is just as capable of making a contract as a man. They can contract and be contracted with, just as though they were single. We are well aware of the proposition that if goods are purchased are necessary for the family, primarily the husband will be responsible for them. There is no doubt that Mrs. Crum might have had all these goods charged to the husband and he undoubtedly would be responsible for them, but does it follow from that, that she would not be responsible? I think that the evidence in this case conclusively shows that the account was opened up by her, and that all the charges were made against her account, and that this was brought to the knowledge of Mrs. Crum, and that the goods, or most of them, were actually purchased by her. There is only one item, and that is the item of a fur coat amounting to $295 that seems to have been purchased by Mr. Crum, as a Christmas gift for his wife. All the other articles, it appears, were purchased by her. So far as it appears, this coat was charged to her and she never made any objections thereto.

The testimony of Mr. Higbee shows that it was out of consideration for her family that he had permitted the amount to run so long, and that it was in consideration of her family and her, that credit was extended to her in the first instance.

It also fairly appears in this record, we think, that Mr. Crum is not a man of means; that he was a young lawyer whose credit might be anything except good, and it is hardly supposable that a concern like The Higbee Company would extend unlimited credit to a young man who had no means except such as a struggling young lawyer might make. Testimony of Mr. Kortz, the credit man of The Higbee Company, is to the effect that the bills all showed the account to be in the name of Mrs. Phelps Crum, that the charges were made against her on slips which she had signed, and that statements were sent monthly to Mrs. Crum, and the account showed that it was on the books of The Higbee Company in her name.

A contract can be made either expressly or by implication, and a married woman can bind her separate estate as well by an implied contract as by an express contract.

True, there is evidence in the record which would indicate that Crum may have paid some of these bills. That is a circumstance to be taken into consideration, that it was his bill, but that is not conclusive. We think the evidence clearly rebuts the presumption that this bill was chargeable to him, and we do not understand that even if these goods were necessaries for the family, that Mrs. Crum

cannot by her express contract or an implied contract make herself liable for them.

From the whole record, we are constrained to come to the conclusion that the jury had a misconception of this case; that the verdict was clearly against the weight of the evidence; the evidence shows that she herself had become liable for this bill, and the verdict was contrary to law.

Judgment reversed.

(Sullivan, PJ., and Levine, J., concur.)

Attorneys — White, Cannon & Spieth for Higbee Co.; Squire, Sanders & Dempsey for Crum; all of Cleveland.